# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3601

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| John Stackhouse, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 21, 1999
Filed: July 26, 1999

_____

Before MCMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

A jury convicted John Stackhouse of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's[1] denial of his motion to dismiss under the applicable provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161-3162. The dispositive issue is whether the district court's April 23, 1998 order resetting Stackhouse's trial for June 29, 1998, is an excludable continuance. We conclude that it is, and we affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

For a continuance to be excludable, the district court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Contemporaneity is not required, however, and a subsequent articulation suffices. See United States v. Clifford, 664 F.2d 1090, 1095 (8th Cir. 1981) (citation omitted).

Although the district court did not originally set forth its reasons in its April 23, 1998 order, it subsequently articulated them in a July 14, 1998 order. The court noted that, after months of plea negotiations, Stackhouse "had waited until the last possible moment before announcing that he no longer wished to change his plea" to guilty. As his trial date had passed, a new trial date was necessary, and the court "determined that the ends of justice would be best served by accommodating counsel for the government's busy trial schedule" and therefore selected June 29 to provide the government with continuity of counsel. We conclude that this consideration was proper. See 18 U.S.C. § 3161(h)(8)(B)(iv) (requiring district court to consider whether failure to grant continuance would unreasonably deny government continuity of counsel); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982) (co-defendant's counsel's trial conflict necessitated continuance to assure continuity of counsel) (citation omitted), cert. denied, 460 U.S. 1040 (1983). We defer to the district court's factual determination that the ends of justice served by granting the continuance outweighed the best interests of the public and Stackhouse in a speedy trial. See United States v. Lewis, 759 F.2d 1316, 1352 (8th Cir.), cert. denied, 474 U.S. 994 (1985).

Excluding the period of delay occasioned by the April 23 continuance, fewer than seventy non-excludable days passed between Stackhouse's arraignment and trial. Thus, the Speedy Trial Act was not violated. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.