# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1957

_____

United States of America,

        Appellee,

        v.

David Allen Amos,

        Appellant.

      * 
      * 
      * 
      * Appeal from the United States 
      * District Court for the Eastern 
      * District of Missouri. 
      * 
      * [UNPUBLISHED] 
      * 

_____

Submitted: October 19, 2006
Filed: October 24, 2006

_____

Before MELLOY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

At his first appearance on June 27, 2005, David Allen Amos pled not guilty to methamphetamine-related offenses. On August 22, the day trial was scheduled, Amos was granted a continuance until November 14. On that date, Amos was granted yet another continuance. On December 8, Amos moved to dismiss the indictment, citing violations of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The next day, Amos pled

guilty. On January 25, 2006, the district court[1] denied his motion to dismiss under the Act. Amos appeals.

The Act requires that the trial of a defendant who pleads not guilty "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If the defendant is not tried within this period, the indictment shall be dismissed, on defendant's motion. 18 U.S.C. § 3162(a)(2).

The seventy-day clock is tolled during a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The reasons for the ends-of-justice findings shall be set forth in the record of the case, either orally or in writing. *Id*. The Act does not state a deadline for setting forth the findings or the reasons.

In this case, the clock began on June 27 and stopped on December 9, a period of 166 days. The parties agree that 21 of these days are excludable. At issue is the 84-day continuance, from August 22 to November 14. If these 84 days are excludable, then the district court correctly denied the motion.

Five months after granting the continuance at issue, the district judge entered her findings and reasons that the continuance served the ends of justice, when ruling on Amos's 3162(a)(2) motion to dismiss. Amos argues that this violated the Act. In her memorandum and order, the district judge cited *United States v. Clifford*, 664 F.2d 1090, 1095 (8th Cir. 1981) ("While a court generally should make the findings

---

[1]The Honorable Jean C. Hamilton, Judge, United States District Court for the Eastern District of Missouri.

required by section 3161(h)(8)(A) at the time it grants the continuance, the Speedy Trial Act does not require the court to make a contemporaneous record."), and *United States v. Stackhouse*, 183 F.3d 900, 901 (8th Cir. 1999) ("Contemporaneity is not required, however, and a subsequent articulation [of an ends-of-justice finding] suffices.").

Amos contends that *Clifford* and *Stackhouse* approve detailing the *reasons* for the ends-of-justice findings after the continuance is granted, but do not allow the *findings* themselves to be added to the record at a later time. This technical argument was refuted by the Supreme Court of the United States just last term: "Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.' However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Zedner v. United States*, 126 S.Ct. 1976, 1989 (2006).

This court holds that the ends-of-justice findings and the supporting reasons may be entered on the record, as happened here, when the district court rules on defendant's 3162(a)(2) motion to dismiss.

The judgment of the district court is affirmed.

_____