**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MARTIN MEDINA, Jr.,
            *Defendant-Appellant.*

No. 05-30477

D.C. No.
CR-05-00154-RSL

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MARTIN MEDINA, Jr.,
            *Defendant-Appellant.*

No. 05-30482

D.C. No.
CR-04-00093-001-
RSL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
February 6, 2008—Seattle, Washington

Filed April 29, 2008

Before: Raymond C. Fisher, Ronald M. Gould, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

## COUNSEL

William C. Broberg, Seattle, Washington, for the defendant-appellant.

Patricia C. Lally, Assistant United States Attorney, Office of the United States Attorney, Seattle, Washington, for the plaintiff-appellee.

## OPINION

IKUTA, Circuit Judge:

The district court dismissed Martin Medina's indictment without prejudice after determining that the excessive pretrial delays violated the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. On appeal, Medina disputes the district court's speedy trial calculations and its decision to dismiss the indictment without prejudice.

I

On March 3, 2004, Martin Medina, Jr. and four co-defendants were charged in a 12-count indictment. Medina was charged with one count of conspiracy to distribute cocaine and methamphetamine and four counts of distribution of methamphetamine. Of the five charged co-defendants, Medina was the only one to stand trial on the charges. Two of Medina's co-defendants pleaded guilty on September 13, 2004, and one pleaded guilty on September 20, 2004. The fourth co-defendant fled while released on bond.

Between March 3, 2004, and the first day of trial on June 6, 2005, there were several delays, two of which are at issue in this case. The first delay began on March 31, 2004, when one of Medina's co-defendants, Contreras, filed three pretrial motions: a motion to sever counts and defendants, a motion to suppress statements, and a motion to suppress evidence. Contreras requested oral argument for each of these motions. The district court denied these motions as moot after Contreras pleaded guilty on September 20, 2004.

The second delay at issue extended from October 18, 2004 through January 10, 2005. On October 13, 2004, Medina's counsel filed a stipulation and proposed order requesting a continuance of the trial from October 18, 2004 until late January or early February of 2005. Counsel gave three grounds for the continuance request: (1) the government had recently provided defense counsel audio recordings of conversations between Medina and an undercover police officer that the government had not disclosed previously; (2) the parties wanted more time to conduct plea negotiations; and (3) defense counsel was about to begin another unrelated trial which was expected to take six to eight weeks. On October 14, 2004, the court signed the stipulation, granted the continuance, and set the new trial date for January 10, 2005.

On March 21, 2005, more than one year after the filing of the indictment, Medina's counsel filed a motion to dismiss the indictment with prejudice for violation of the Speedy Trial Act, 18 U.S.C. § 3161. On April 6, 2005, the district court held an evidentiary hearing regarding this motion, and issued an order on April 8, 2005 dismissing Medina's indictment without prejudice. The district court's conclusions must be understood in the context of the Speedy Trial Act, as interpreted by judicial decisions.

## A

**[1]** The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, requires that a defendant be brought to trial "within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act lists the periods of delay that the district court must exclude in computing the time within which the trial must commence. For purposes of this case, three subsections of § 3161(h) are applicable:

§ 3161(h)(1)(F) and (J) (governing delays attributable to pre-trial motions);[1] and § 3161(h)(8) (governing delays resulting from continuances granted by a district court).

Under § 3161(h)(1)(F), the district court must exclude from its computation of time within which the trial of an offence must commence "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F). Section 3161(h)(1)(J) requires a district court to exclude "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(J).

In interpreting the Speedy Trial Act, the Supreme Court has established that there are two different types of pretrial motions, those that require a hearing, and those that do not. *Henderson v. United States*, 476 U.S. 321, 329-30 (1986). Under *Henderson*, we must read § 3161(h)(1)(F) and (J) together in determining what periods of delay are excluded

---

[1]18 U.S.C. § 3161(h)(1) provides, in pertinent part:

(h) The following periods of delay shall be excluded in comput-ing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . .

(F) delay resulting from any pretrial motion, from the fil-ing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concern-ing the defendant is actually under advisement by the court.

for each type of pretrial motion. *Id.* In brief, if a pretrial motion does not require a hearing, the period from the date the motion was taken under advisement until the court rules on the motion, but no more than 30 days, may be excluded. *Henderson*, 476 U.S. at 329; § 3161(h)(1)(F) and (J).

On the other hand, if a pretrial motion is of the sort that requires a hearing, a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing, *Henderson*, 476 U.S. at 329-30; (ii) the period from the conclusion of the hearing until the date the district court "receives all the submissions by counsel it needs to decide that motion," *id.* at 330-31; and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days, *id.* at 332; *see also United States v. Sutter*, 340 F.3d 1022, 1030 (9th Cir. 2003). In general, the district court must exclude these periods of delay whether or not the delay was reasonably necessary. *Henderson*, 476 U.S. at 330; *see also United States v. Clymer,* 25 F.3d 824, 830 (9th Cir. 1994) ("Where delay in commencing a trial results from the pendency of a motion . . . the delay will automatically be excluded from the Speedy Trial Act calculation, no matter how unreasonable or unnecessary that delay might seem."). Moreover, the district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion. *See United States v. Gorman*, 314 F.3d 1105, 1115 (9th Cir. 2002) (holding that the district court properly excluded the nearly 10-month period between defendant's filing of a motion to exclude evidence and the defendant's entering of a guilty plea even though the court never ruled on the suppression motion). "Congress clearly envisioned that any limitations [on the exclusion of time while the pretrial motion is pending] should be imposed by circuit or district court rules rather than by the statute itself." *Henderson*, 476 U.S. at 328.

We have identified two exceptions to this general rule that a district court must exclude all time during the pendency of

a pretrial motion that requires a hearing. First, if a district court continues a motion until after trial, the court may not exclude the time while the postponed motion is pending. *United States v. Lewis,* 349 F.3d 1116, 1121-22 (9th Cir. 2003); *Clymer*, 25 F.3d at 830. Second, we have made an exception for certain pro forma motions to compel discovery in a criminal case where the motions required no decision by the district court "unless and until future discovery disputes arose." *Sutter*, 340 F.3d at 1029-32. If such a discovery motion is not "continued until a date certain or the happening of an event certain," then the motion is deemed to be "under advisement," for purposes of § 3161(h)(1)(J), "as of the date of the last hearing or filing of supporting papers, whichever is later." *Id.* at 1031-32. In such circumstances, the court may exclude no more than 30 days. § 3161(h)(1)(J); *see also Henderson*, 476 U.S. at 329; *Sutter*, 340 F.3d at 1030.

We next turn to delays resulting from continuances granted by a district court under § 3161(h)(8).[2] Section 3161(h)(8)(A)

---

[2]18 U.S.C. § 3161(h)(8) provides, in pertinent part:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

. . .

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

provides that the court must exclude periods of delay resulting from a continuance granted by a judge "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In order to exclude such a period of delay, the court must state such findings in the record, "either orally or in writing," § 3161(h)(8)(A), "by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)" of the Speedy Trial Act. *Zedner v. United States*, 547 U.S. 489, 507 (2006); *see also United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984). Section 3161(h)(8)(B) sets forth factors the court should consider in determining whether to grant such a continuance, including "[w]hether the failure to grant such a continuance . . . would

---

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv).

**[2]** If the defendant is not brought to trial within the 70-day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment. *See* 18 U.S.C. § 3162(a)(2). The defendant has the burden of proving that the delay meets the criteria for dismissal.[3] *Id.*

If the defendant carries this burden, the indictment "shall be dismissed," and the district court must then consider whether to dismiss the case with or without prejudice. *Id.* Section 3162(a)(2) provides: "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." When considering the facts and circumstances of the case which led to dismissal, the court should again consider the length of the pretrial delay because "the length of a delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.' " *Clymer*, 25 F.3d at 832 (quoting *United States v. Taylor*, 487 U.S. 326, 340 (1988)).

---

[3]The exception to this rule is that "the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under [§] 3161(h)(3)." § 3162(a)(2). Section 3161(h)(3) relates to the exclusion of periods of delay "resulting from the absence or unavailability of the defendant or an essential witness."

B

As explained in its order of April 8, 2005 (dismissing Medina's indictment without prejudice), the district court concluded that 402 days had elapsed from the filing of the indictment to the date of the order. Of that period, the district court held that 311 days were excludable. The district court excluded the period from March 30, 2004 through September 13, 2004, which it identified as the period beginning on the date co-defendant Contreras's pretrial motions were filed until the date the pretrial motions became moot due to Contreras's guilty plea. The district court also excluded the period from October 18, 2004 through January 10, 2005, during one of the continuances granted by the court. The court held that this time was properly excluded from the speedy trial calculation because this continuance served the ends of justice pursuant to § 3161(h)(8)(B)(iv). Specifically, the continuance allowed the defendant time for "effective preparation," because the defendant needed more time to review the new discovery material provided by the government. In addition, the continuance ensured "continuity of counsel." § 3161(h)(8)(B)(iv).

However, even taking into account these and other excludable periods, the court determined that 91 days had elapsed since the date the government had filed Medina's indictment. Because Medina was not tried within 70 days of the filing of the indictment, the district court dismissed the charges against him pursuant to § 3162(a)(2).

The district court then considered whether the case should be dismissed with or without prejudice in light of the three statutory factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* § 3162(a)(2).

The court first noted that Medina did not contest that his offense was serious.

Next, in considering the facts and circumstances leading to the Speedy Trial Act violation, the court agreed with Medina's statement that the delay in bringing him to trial was serious, especially given that Medina was in detention pending the outcome of the case. Nevertheless, the court stated, "Being mindful of the toll that this process has taken on Mr. Medina, however, this Court does not believe the 21-day delay to be extreme." Moreover, the district court concluded that many of the violations of the Speedy Trial Act were merely technical. The court noted that the continuances that contributed to the Speedy Trial Act violation had been granted for reasons that would have met the criteria of § 3161(h)(8)(B) (providing reasons a continuance might serve the "ends of justice"), but the court and the parties had failed to document that the continuances met such criteria. Moreover, the continuances had been agreed to by defense counsel. In light of the lack of evidence that Medina would suffer any prejudice as a result of the delay, and the technical nature of the violations, the district court held that the facts and circumstances leading to the Speedy Trial Act violations did not warrant dismissal with prejudice.

Finally, in considering the impact of reprosecution of Medina on the administration of the Speedy Trial Act and the administration of justice, *see* § 3162(a)(2), the court concluded that there was "no evidence that the Speedy Trial Act violation was the result of bad faith on the part of the government." The court noted that both counsel, as well as the court, "bear their fair share of responsibility for the Speedy Trial Act violation." The court concluded that "the administration of justice and the considerations of the Speedy Trial Act do not warrant dismissing the case with prejudice." Accordingly, the district court entered its order dismissing Medina's indictment without prejudice.

On April 14, 2005, a grand jury reinstated the dismissed drug charges in a new indictment. After a bench trial, the dis-

trict court found Medina guilty of all the drug charges and judgment was entered on September 30, 2005.

II

On appeal, Medina challenges the district court's calculation of the number of days that should be excluded in computing the time within which his trial should have commenced. Medina also argues that the district court erred in dismissing the indictment without prejudice.

We review the district court's interpretation and application of the Speedy Trial Act de novo, and review the district court's findings of facts for clear error. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1084 (9th Cir. 2004). The burden of proving that the trial has not commenced "within the time limit required by section 3161(c) as extended by section 3161(h)," generally lies with the defendant. § 3162(a)(2). We review the district court's decision to dismiss an indictment under the Speedy Trial Act without prejudice for an abuse of discretion. *See Taylor*, 487 U.S. at 332, 343-44. A court abuses its discretion if it "failed to consider all the factors relevant to the choice" and the "factors it did rely on were unsupported by factual findings or evidence in the record." *Id.* at 344.

A

With respect to the purported calculation error, Medina challenges the court's exclusion of the period of delay from March 30, 2004 through September 13, 2004 and the period of delay from October 18, 2004 through January 10, 2005. We consider these challenges in turn.

1

We first consider Medina's challenge to the exclusion of the period of delay from March 30, 2004 through September

13, 2004 (the period from the time Contreras's pretrial motions were filed until Contreras pleaded guilty). Medina argues that this time should not have been excluded for two reasons. First, he contends that under the local rules these pretrial motions were of the type that did not require a hearing, and therefore the district court could exclude only 30 days. In making this argument, Medina relies on a local court rule that states:

> *Evidentiary Hearings and Oral Arguments.* Unless otherwise ordered by the court, all motions will be decided by the court without oral argument. A party desiring oral argument shall so indicate by typing ORAL ARGUMENT REQUESTED in the caption of the motion or responsive brief. If the court determines an evidentiary hearing is appropriate or grants a request for oral argument, the clerk will notify the parties of the date and hour thereof. Counsel shall not appear on the date the motion is noted unless so directed by the court.

W.D. Wash. Crim. R. 12(c)(10). According to Medina, this rule creates a presumption that motions will be decided on the papers, unless and until the parties are otherwise directed by the court. Noting that the district court took no action of any kind regarding Contreras's pretrial motion, Medina argues that, pursuant to the local rules, it should be presumed that a hearing was not necessary.

**[3]** We disagree with Medina's interpretation of the local rule. The threshold inquiry under *Henderson* is one of classification, i.e., whether the motion at issue falls within the class of motions that require a hearing, or whether it falls within the class of motions that do not require a hearing. *See* 476 U.S. at 329. On its face, the local rule does not make a distinction between those two types of motions. Instead, the local rule simply indicates that the court will make the determination as to whether "an evidentiary hearing is appropriate." W.D.

Wash. Crim. R. 12(c)(10). The local rule therefore sheds no light on our inquiry whether Contreras's motions are the type of motions that require a hearing.

[4] In this case, Contreras's motions to suppress statements and evidence are of the type that would normally require an evidentiary hearing. *See*, *e.g.*, *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) ("An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."). Because the local rule does not give rise to a presumption that no hearing is required, and because Medina has not provided any other evidence that Contreras's motions fall within the class of motions that could be decided without an evidentiary hearing, we conclude that Medina did not carry his burden of establishing that Contreras's pretrial motions did not require a hearing.

Second, Medina argues that because the court took no action on Contreras's pretrial motion, the motion did not result in any period of delay under § 3161(h)(1), and the court erred in excluding the period during which the motion was pending. Alternatively, Medina argues that the court should exclude only a 30-day period, and deem the motion "under advisement" as of the filing date pursuant to § 3161(h)(1)(J).

[5] We disagree with both these arguments. Because Contreras's pretrial motions are of the type that require a hearing, "subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing." *Henderson*, 476 U.S. at 329. Moreover, the Court has expressly declined to create an exception to this rule for situations where the delay was not " 'reasonably necessary,' " holding that such a qualification of subsection (F)'s exclusion "would be at odds with the plain language of the statute." *Id.* at 330.

While we have recognized two narrow exceptions to the general rule that a district court must exclude all time during the pendency of a pretrial motion that requires a hearing, Contreras's motions do not fall within either. Medina cannot rely on *Clymer*'s holding that pretrial motions postponed until after trial do not toll the Speedy Trial Act clock, 25 F.3d at 830-31, because the district court here did not postpone Contreras's motions. Moreover, Contreras's motions on their face required action before trial. The fact that Contreras's motions became moot before the district court ruled or took any other action on them does not affect their characterization for Speedy Trial Act purposes. *See Gorman*, 314 F.3d at 1115; *see also United States v. Vo*, 413 F.3d 1010, 1015 (9th Cir. 2005) (acknowledging well-established circuit precedent "holding that the time a motion is pending is excludable even when the pendency of the motion causes no actual delay in the trial").

Nor can Medina rely on *Sutter*'s holding that a district court may exclude no more than 30 days for certain pro forma motions to compel discovery in a criminal case. *Sutter*, 340 F.3d at 1029. Unlike the pro forma criminal discovery motions considered in *Sutter*, Contreras's motions to sever and suppress evidence were not "empty box" motions "into which later-arising disputes can be placed." *Id.* The trial could not proceed unless and until the specific issues raised by Contreras's suppression motions were resolved.

Medina contends that *Sutter* should be interpreted as holding, more broadly, that whenever the court fails to take action on a pretrial motion, it is improper to exclude any time from the Speedy Trial Act calculation because the motion is never "under advisement." To support this argument, Medina points to the language in *Sutter* to the effect that: "*Henderson* indicates that motions that do not result in a hearing do not toll the Speedy Trial clock unless resolved within 30 days from the time the motion is taken under advisement." 340 F.3d at 1031. In interpreting this language to mean that a motion not

acted on within 30 days does not toll the Speedy Trial Act clock at all, Medina is taking the sentence out of context. As made clear by the language following this quote, *Sutter* was referring to a passage in *Henderson* explaining why motions that do not require a hearing cannot toll the Speedy Trial clock for more than 30 days. *Henderson*, 476 U.S. at 329. On the other hand, when a motion does "necessitat[e] a hearing," it "will not be 'under advisement' until after" that hearing is held. *Sutter*, 340 F.3d at 1032. Contreras's suppression motions were never "under advisement," *cf.* § 3161(h)(1)(J), because the district court could not be " 'in a position to dispose of [them],' " see *Sutter*, 340 F.3d at 1032 (quoting *Henderson*, 476 U.S. at 331), until the conclusion of an evidentiary hearing. The period during which they were pending was nonetheless excludable under § 3161(h)(1)(F), because a hearing is required to decide motions of that sort, even though none was ever actually held. *See Gorman*, 314 F.3d at 1115.

**[6]** Therefore, we conclude that the district court did not err in excluding the entire period while Contreras's motions were pending.

2

**[7]** Finally, Medina argues that the district court made two errors in determining the date the period of delay commenced for these pretrial motions. First, Medina notes that the court erred in stating that March 30, 2004 was the date Contreras filed his pretrial motions. Medina is correct on this point, as the government concedes: the docket sheet indicates the pretrial motions were filed on March 31, 2004. However, the one-day error was harmless. Because the district court ultimately concluded that Medina's trial had been delayed more than 21 days past the required 70-day commencement date, the one-day error did not affect the court's finding of a Speedy Trial Act violation. *Cf. United States v. Daychild*, 357 F.3d 1082, 1092 (9th Cir. 2004). Also, nothing in the district

court's analysis of the factors set forth in § 3162(a)(2) suggests that a one-day difference would have affected its ultimate decision to dismiss the indictment without prejudice.

Second, Medina argues that the delay resulting from these pretrial motions did not commence on the date Contreras filed the motions, but rather on the date the court "noted" the motions under local rules, namely, April 23, 2004. *See* W.D. Wash. Crim. R. 12(c)(7) ("Unless otherwise authorized by the court, motions shall be noted for consideration for the second Friday after the motion is filed."). Medina's argument would be stronger if Contreras's pretrial motions were of the sort that did not require a hearing. If that were the case, we would need to consider whether the date the motions were noted for consideration was the date the motions became "actually under advisement" for purposes of § 3161(h)(1)(J). However, because these pretrial motions are of the sort that do require a hearing, the district court was bound by the plain language of § 3161(h)(1)(F), which provides that all days are excludable "from the filing of the motion." § 3161(h)(1)(F). "We hold that the day a party files a motion is excludable for speedy trial purposes. This decision accords with the literal language of the Speedy Trial Act, the weight of authority of other circuits' precedent on the same issue, and the guidance of our prior decisions." *Daychild*, 357 F.3d at 1093. Therefore, we must reject Medina's argument that the district court erred in excluding time from the date Contreras filed the pretrial motions.

3

**[8]** In sum, the district court did not err in calculating the amount of time to be excluded due to Contreras's pretrial motions, except for its determination that Contreras filed his pretrial motions on March 30, 2004 instead of March 31, 2004, which was harmless error. Therefore, the period of delay from March 31, 2004 through September 13, 2004 must be excluded from the calculation of the period from the filing

of the indictment to the commencement of trial under the Speedy Trial Act.

B

**[9]** We next consider Medina's argument that the district court erred in excluding the period of delay resulting from the continuance from October 18, 2004 through January 10, 2005. Medina argues that the court failed to document "its reasons for finding that the ends of justice served by the granting of such continuance outweigh[ed] the best interests of the public and the defendant in a speedy trial," as required by § 3161(h)(8)(A). We disagree. In its order dismissing the indictment without prejudice, the district court explained:

> This time [from October 18, 2004 through January 10, 2005, for the continuance] is properly excluded from the speedy trial calculations. A continuance may be granted to allow a party time for "effective preparation." § 3161(h)(8)(B)(iv). Although defendant complains that the discovery could have been provided earlier with due diligence, it does not appear as if the audio CDs were kept from defense counsel as the result of any dilatory tactics or any inexcusable delay. Furthermore, an ends of justice continuance may be granted to ensure continuity of counsel. *See* § 3161(h)(8)(B)(iv); *see also United States v. Nance*, 666 F.3d 353, 358 (9th Cir. 1983) (unavailability of defense counsel valid reason for ends of justice continuance).

The court's explanation documents that it considered the factors in § 3161(h)(8)(B) and determined that the continuance was merited based on two of the factors mentioned in § 3161(h)(8)(B)(iv), namely, failure to grant the continuance "would unreasonably deny the defendant . . . continuity of counsel," and would deny defense counsel "the reasonable time necessary for effective preparation, taking into account

the exercise of due diligence." § 3161(h)(8)(B)(iv). This discussion of the statutory factors is adequate to support a continuance that serves the ends of justice under § 3161(8)(A). *See United States v. Brickey*, 289 F.3d 1144, 1150-51 (9th Cir. 2002). It is irrelevant that the parties' stipulated findings, signed by the district court, also mention that the parties were actively engaged in plea negotiations, which is not itself a factor that may be used to support a continuance under § 3161(h)(8)(A), *see United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

[10] Nor was it an error for the district court to document these findings for the first time in the order dismissing the indictment. *See Bryant*, 726 F.2d at 511 (holding that the Speedy Trial Act is satisfied where the district court set forth its reasons for granting the continuances for the first time in the denial of the motion to dismiss the indictment); *see also Zedner*, 547 U.S. at 506-07 (holding that the findings must be made part of the record "by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)"). In this case, it is clear that the reasons stated by the district court are " 'the actual reasons that motivated the court at the time the continuance was granted,' " *United States v. Engstrom*, 7 F.3d 1423, 1426 (9th Cir. 1993) (quoting *United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993)), because the district court had previously signed an order and stipulation containing the facts later relied on by the court in the motion to dismiss. Indeed, the signed order and stipulation itself would have satisfied the Speedy Trial Act. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000) ("District courts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances."). We conclude that the district court did not err in excluding the delay from October 18, 2004 through January 10, 2005 because it granted a continuance meeting the criteria in § 3161(h)(8) for that period.

C

**[11]** Finally, we consider Medina's challenge to the district court's dismissal of the indictment without prejudice. In determining whether to dismiss a case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." § 3162(a)(2).

**[12]** Medina first argues that the district court inadequately explained how it weighed the seriousness of Medina's offense. Medina points out that in *Taylor*, the district court's failure to discuss the weight it gave to the seriousness of the defendant's offense led the Court to reverse the district court's dismissal with prejudice. *See id.* at 343. *Taylor* is not analogous to this case, however. In *Taylor*, the district court found that the crime was serious, *id.* at 338, which normally weighs in favor of dismissal *without* prejudice. The district court nevertheless dismissed the indictment *with* prejudice without any substantive discussion of the factors supporting that conclusion. *Id.* at 337, 343. Because it was clear from the record that the district court had "failed to consider all the factors," the Court concluded that the district court abused its discretion in dismissing the case with prejudice. *Id.* at 344. Here, by contrast, the district court's finding that the crime was serious supports its ultimate decision to permit reprosecution. The district court did not need to provide any additional explanation. *See, e.g.*, *United States v. Arellano-Ochoa*, 461 F.3d 1142, 1147 (9th Cir. 2006); *see also United States v. Pena-Carrillo*, 46 F.3d 879, 882-83 (9th Cir. 1995).

**[13]** Medina next argues that the district court erred in its consideration of the facts and circumstances of the offense. Specifically, Medina contends that the district court did not give due weight to the length of Medina's detention, did not

explain its reference to the "toll that this process has taken" on Medina, and erred in describing the Speedy Trial Act violations as technical. These arguments are without merit. The district court expressly considered the effect of the delay on Medina, noting that any violation of the Speedy Trial Act is serious, especially "when, as here, the defendant is in detention pending the outcome of his criminal case." The district court then balanced the impact of the delay on Medina against the length of the delay, and held that the length of the delay was not extreme, even "[b]eing mindful of the toll that this process has taken on Mr. Medina." Although the district court did not mention the 21 days Medina spent in detention in its subsequent conclusion that Medina did not suffer prejudice as a result of the delay, the court was not required to do so. In context, the district court's statement that "there is no evidence that the Defendant will suffer any prejudice as a result of the delay" indicated the court's conclusion that the outcome of Medina's case was not prejudiced by the continuances; the court was not ignoring the harm to Medina caused by the 21 days of detention. Nor did the district court err in characterizing the violations of the Speedy Trial Act as technical, rather than substantive.[4] The court based this conclusion on its determination that the continuances that caused the violation of the Speedy Trial Act would have been excludable under § 3161(h)(8)(B) if the court and the parties had more carefully documented the reasons for the continuance. This conclusion is supported by the record.

---

[4]Contrary to Medina's suggestion, this discussion was not an attempt by the district court to apply harmless error analysis to its failure to make sufficient findings under § 3161(h)(8)(A) when it granted some of the continuances. *Cf. Zedner*, 547 U.S. at 509 (holding that "harmless-error review is not appropriate" when findings under § 3161(h)(8)(A) are not made on the record). The district court properly recognized that although the periods of delay caused by some of the continuances could not be excluded from the Speedy Trial Act calculation, the "facts and circumstances of the case" that led to a Speedy Trial Act violation were in context rather benign.

Finally, Medina argues that the district court erred in assessing the third factor, the impact of reprosecution on the administration of justice. Medina claims that the district court should have dismissed the case with prejudice to penalize the culture of poor compliance with the Speedy Trial Act within the district court's jurisdiction. Moreover, because the district court stated that there was "no evidence that the Speedy Trial Act violation was the result of bad faith on the part of the government," Medina contends that the court erroneously determined that it could not enter a dismissal with prejudice absent a finding of prosecutorial bad faith. Both arguments are without merit.

**[14]** First, the district court expressly considered the culture of poor compliance, noting that more attention needed to be paid to the "mandates of the Speedy Trial Act," and stated that both parties and the court itself needed to be more mindful in the future. Contrary to Medina's argument, the district court did not abuse its discretion by declining to dismiss the indictment with prejudice based solely on this consideration. *See Taylor*, 487 U.S. at 343. In *Taylor*, the district court was reversed for abusing its discretion when it found no prejudice to the defendant for a serious crime, but dismissed the indictment with prejudice based on the "lackadaisical" attitude of the Government and the court's desire to "send a strong message to the Government that unexcused delays will not be tolerated." *Id.* at 343. Noting that the district court based its decision solely on its concern over the government's unexcused delay, the Court stated: "That factor alone, by definition implicated in almost every Speedy Trial Act case, does not suffice to justify barring reprosecution in light of all the other circumstances present." *Id.* Second, in considering the impact of reprosecution on the administration of justice, the district court acted well within its discretion in noting that there was no evidence of bad faith on the part of the government. Although the district court briefly mentioned the absence of bad faith, the district court did not indicate that it considered

such a finding necessary in order to dismiss the case with prejudice.

**[15]** In sum, the district court considered the factors listed in § 3162(a)(2), and its conclusions are supported by the record. Therefore, the district court did not abuse its discretion in dismissing Medina's indictment without prejudice.

## III

Although Medina established a one-day error in the district court's Speedy Trial Act determination, the error was harmless. Other than the one-day error, the district court did not err in its calculation of the number of days excludable under the Speedy Trial Act. Nor did the district court abuse its discretion in dismissing the indictment without prejudice.

**AFFIRMED.**