**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30275 |
| Plaintiff - Appellee, | D.C. No. CR-07-67-DWM |
| v. | MEMORANDUM [*] |
| STEVEN RAY RITCHIE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 13, 2009[**]
Seattle, Washington

Before:  CUDAHY, [***] Senior Circuit Judge, and RAWLINSON and
CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1

Appellant Steven Ray Ritchie (Ritchie) appeals the sentence imposed following his guilty plea to being a felon in possession of firearm in violation of 18 U.S.C. § 922(g).

1.    The district court did not abuse its discretion by dismissing the initial indictment without prejudice after finding a Speedy Trial Act violation. *See United States v. Taylor*, 487 U.S. 326, 335-36 (1988). The court weighed relevant factors, and the record supports the district court's holding of dismissal without prejudice. *See, e.g.*, 18 U.S.C. § 3162(a)(2); *United States v. Medina*, 524 F.3d 974, 982 (9th Cir. 2008) (applying the § 3162(a)(2) factors). The district court correctly held that 18 U.S.C. § 4247(b) does not affect decisions under the Speedy Trial Act. *See, e.g.*, *United States v. Daychild*, 357 F.3d 1082, 1094 (9th Cir. 2004). Custodial institutions charged with complying with the time limitations in 18 USC § 4247(b), however, are urged to comply with its provisions. While some of the delay here was attributable to Ritchie (and does not bear on the Speedy Trial Act analysis), to the extent that delays also occurred because of the high volume of cases addressed by BOP and other administrative backlog, it is hoped that the BOP will be able to

2

streamline its procedures to reduce delay in conducting future competency evaluations.

**2.** The district court did not abuse its discretion in denying Ritchie's motion for a mistrial. Although the photograph should not have been shown to the jury, the district court provided a timely curative instruction and polled the jury to determine whether the photograph factored into their deliberations. *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (explaining that juries are presumed to follow curative instructions); *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1105 (9th Cir. 2002) (explaining that a timely instruction usually cures the prejudicial impact of evidence unless it is clearly inadequate).

**3.** The district court properly denied Ritchie's motion to dismiss in light of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). As the Supreme Court emphasized in *Heller*, its ruling did not change the longstanding prohibitions on possession of firearms by felons. *See id.* at 2816-17.

**AFFIRMED.**



*United States v. Ritchie*, **No. 08-30725**

CALLAHAN, CIRCUIT JUDGE, concurring:

I concur in the majority's result, affirming Ritchie's conviction and sentence. In my view, it is unnecessary for us to comment in this Speedy Trial Act case on the obligations of custodial institutions charged with complying with 18 U.S.C. § 4247(b)'s time limitations, for two reasons.

First, § 4247(b) does not affect decisions under the Speedy Trial Act. *See United States v. Daychild*, 357 F.3d 1082, 1094 (9th Cir. 2004). Second, it is true that § 4247(b) prescribes that a defendant shall be held for not more than forty-five days in determining his mental competency to stand trial. *See also* 18 U.S.C. § 4241. Ritchie arrived at the evaluation center on May 4, 2006, and the Bureau of Prisons ("BOP") issued its Forensic Evaluation report on Ritchie on September 16, 2006.[1] However, the BOP report is clear that Ritchie malingered throughout the testing period, necessitating additional testing and leading evaluators to conclude:

> The possibility of malingering (i.e., feigning the presence of psychological symptoms, motivated by external incentives, such as evading criminal prosecution) is strongly suspected. Based on the available evidence, it is believed that Mr. Ritchie's deficits appear to

---

[1] The BOP report indicated that submission of the report was further delayed to allow defense counsel and the Social Security Administration Office to locate and submit psychological treatment records; the records were never submitted. The BOP also acknowledged that it sought an extension of time due to the high volume of cases at the evaluation facility.

be purposeful in nature and do not seem to reflect the presence of a genuine mental illness or severe cognitive disturbance.

The district court concluded that "the government did not cause the speedy trial violation" and "Defendant caused much of the delay by his failure to cooperate with the psychological examiners during the competency evaluation period."

Given Ritchie's significant role in the delay, it is unnecessary for the court to comment in this case on the statutory obligations of custodial institutions. In my view, there is no evidence that the custodial institution was unaware of or disregarded its statutory obligations. This dicta should not be cited to future panels as authority construing 18 U.S.C. § 4247(b).