MEMORANDUM ***
Appellant Steven Ray Ritchie (Ritchie) appeals the sentence imposed following his guilty plea to being a felon in possession of firearm in violation of 18 U.S.C. § 922(g).
1.The district court did not abuse its discretion by dismissing the initial indictment without prejudice after finding a Speedy Trial Act violation. See United States v. Taylor, 487 U.S. 326, 335-36, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). The court weighed relevant factors, and the record supports the district court’s holding of dismissal without prejudice. See, e.g., 18 U.S.C. § 3162(a)(2); United States v. Medina, 524 F.3d 974, 982 (9th Cir.2008) (applying the § 3162(a)(2) factors). The district court correctly held that 18 U.S.C. § 4247(b) does not affect decisions under the Speedy Trial Act. See, e.g., United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir.2004). Custodial institutions charged with complying with the time limitations in 18 U.S.C. § 4247(b), however, are urged to comply with its provisions. While some of the delay here was attributable to Ritchie (and does not bear on the Speedy Trial Act analysis), to the extent that delays also occurred because of the high volume of cases addressed by BOP and other administrative backlog, it is hoped that the BOP will be able to streamline its procedures to reduce delay in conducting future competency evaluations.
2. The district court did not abuse its discretion in denying Ritchie’s motion for a mistrial. Although the photograph should not have been shown to the jury, the district court provided a timely curative instruction and polled the jury to determine whether the photograph factored into their deliberations. See, e.g., Zafiro v. United States, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (explaining that juries are presumed to follow curative instructions); B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1105 (9th Cir.2002) (explaining that a timely instruction usually cures the prejudicial impact of evidence unless it is clearly inadequate).
3. The district court properly denied Ritchie’s motion to dismiss in light of District of Columbia v. Heller, — U.S. -, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). As the Supreme Court emphasized in Heller, its ruling did not change the longstanding prohibitions on possession of firearms by felons. See id. at 2816-17.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.