**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50501 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-02268-JM-2 |
| v. | |
| ALBERTO NORIEGA-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted November 7, 2011[**]
Pasadena, California

Before: FERNANDEZ, MOORE,[***] and TALLMAN, Circuit Judges.

Defendant-Appellant Alberto Noriega-Perez ("Noriega") appeals his

conviction by jury verdict on one count of conspiracy to bring illegal aliens to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen Nelson Moore, United States Circuit Judge for the Sixth Circuit, sitting by designation.

United States for financial gain (8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 371), one count of conspiracy to harbor illegal aliens (8 U.S.C. § 1324(a)(1)(A)(iii), (v)(I)), eighteen counts of aiding and abetting bringing illegal aliens to the United States for financial gain (8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2), and eighteen counts of aiding and abetting harboring illegal aliens (8 U.S.C. § 1324(a)(1)(A)(iii), (v)(II)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      The Government adduced sufficient evidence of financial motive to support Noriega's conviction of bringing an alien into the United States for the purpose of "private financial gain," 8 U.S.C. § 1324(a)(2)(B)(ii), on both conspiracy and aiding and abetting theories of liability. Noriega rented two properties knowing they would be used as load houses by an alien smuggling organization. The jury could reasonably infer that his willingness to rent his properties for illegal use was motivated by financial gain given "'the lack of any

---

[1]      A separate published opinion filed simultaneously with this disposition addresses Noriega's challenges to the sufficiency of the evidence of (1) alienage to support his conviction on the substantive counts naming non-testifying alleged aliens, and (2) an extraterritorial connection to support his conviction of aiding and abetting bringing aliens to the United States for financial gain.

2

other possible explanation,'" *United States v. Tsai*, 282 F.3d 690, 697 (9th Cir. 2002) (citation omitted).[2]

2.      Noriega's recorded statements estimating the number of aliens that would fit in his garage and revealing his intimate knowledge of the activities and members of the smuggling organization, as well as surveillance video of Noriega erecting aluminum siding on the chain-link fence around one of his properties, sufficed to demonstrate that Noriega intended to join—and took overt acts to further—the alien smuggling conspiracy.  *See United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2010) (The elements of a "classic" 18 U.S.C. § 371 conspiracy are: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." (internal quotation marks and citation omitted)).

3.      The district court did not err by instructing the jury that the term "private financial gain" means "any economic benefit."  Regardless of whether the Government needed to prove that Noriega intended to gain financially himself, the

---

[2]      Though the parties dispute whether the substantive "brings to" counts required proof of Noriega's intent to gain financially *himself*, we need not reach that issue and decline to do so.  There is no question that he collected money for the use of his two properties as load houses in aid of the smuggling venture.

3

instructions on personal gain were not plainly erroneous. Given the evidence of Noriega's personal financial motive, any supposed error did not affect his substantial rights.

4. The district court properly denied Noriega's motion to dismiss the indictment based on alleged violations of the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. ("STA"). Almost all of the two-and-a-half years between Noriega's arraignment on October 26, 2006, and the filing of his motion to dismiss the indictment on May 13, 2009, was properly excluded based on pending motions, a mental examination, an interlocutory appeal, and "ends of justice" continuances. 18 U.S.C. § 3161(h)(1)(A), (1)(C), (1)(D), (7)(A). The district court properly excluded the entire period of time during which Noriega's discovery motions were pending because at each hearing the court explicitly continued the pending motions to a date certain. *United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) ("If such a discovery motion is *not* 'continued until a date certain or the happening of an event certain,' then the motion is deemed to be 'under advisement . . . as of the date of the last hearing or filing of supporting papers, whichever is later.'" (emphasis added) (citation omitted)). The continuances granted by the district court were also properly excluded. The record in this case supports the court's determination that "the ends of justice" served by the continuances were not

4

outweighed by "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

5. The district court also correctly rejected Noriega's Sixth Amendment speedy trial claim. Although the three-year delay to trial in this case was presumptively prejudicial, Noriega was responsible for nearly all of the delay. *United States v. Sutcliffe*, 505 F.3d 944, 957 (9th Cir. 2007). He requested and was granted new counsel four times, and filed numerous other *pro se* motions while represented by counsel, including motions to disqualify the court, to disqualify the Government, and to represent himself.

6. Noriega's right to due process of law under the Fifth Amendment and compulsory process under the Sixth Amendment was not violated by the release of seven material witnesses before Noriega (or his counsel) had an opportunity to interview them. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982); *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991).[3] Noriega has failed to show that he was prejudiced by the material witnesses' release. There is nothing

---

[3] Although Noriega makes several references to his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), "*Dring*—but not *Brady* . . .—applies to access-to-evidence claims based on illegal witness deportation." *United States v. Carreno*, 363 F.3d 883, 890 (9th Cir. 2004) (citing *United States v. Velarde-Gavarrete*, 975 F.2d 672 (9th Cir. 1992)), *vacated and remanded on other grounds*, 543 U.S. 1099 (2005).

5

suggesting that those witnesses' testimony would have been material, non-cumulative, and favorable to him. *Dring*, 930 F.2d at 693-94. Additionally, Noriega has failed to show bad faith by the Government as there is no evidence in the record that the Government departed from normal deportation procedures or sought to gain an unfair tactical advantage over him. *Id.* at 695.

7. Noriega's Sixth Amendment right to be confronted with the witnesses against him was not violated by an Immigration and Customs Enforcement ("ICE") agent's testimony explaining how ICE identifies material witnesses and then listing the names of the non-testifying material witnesses in this case. The Confrontation Clause was not implicated because the ICE agent did not convey the content of any out-of-court statements made by the non-testifying witnesses. *See Ocampo v. Vail*, 649 F.3d 1098, 1111 (9th Cir. 2011). Noriega had the opportunity to cross-examine the ICE agent regarding the determination that the alleged aliens were material witnesses.

8. This Court has received two submissions from Noriega, dated August 30, 2011, and December 8, 2011. Because Noriega is represented by counsel, only counsel may file motions, and we therefore decline to entertain these submissions. 28 U.S.C. § 1654.

AFFIRMED.