**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50375 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01509-L-1 |
| v. | |
| DANIEL SANCHEZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted June 4, 2018
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,[**] District Judge.

Defendant Daniel Sanchez-Martinez appeals his conviction for importing into the United States 50 kilograms or more of marijuana in violation of 21 U.S.C. §§ 952, 960. He challenges multiple pretrial and trial rulings of the district court.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

We affirm the district court's dismissal of the March 23, 2017 indictment without prejudice, but conclude that the district court erred in denying Defendant's motion to dismiss the Government's June 8, 2017 indictment. Accordingly, we need not reach Defendant's other assignments of error.

1) At a hearing on May 30, 2017, the district court determined that Defendant had not been brought to trial within the time period required under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), thus mandating dismissal of the indictment pursuant to 18 U.S.C. § 3162(a)(2). In their written submissions and oral argument, the Government and Defendant addressed the factors enumerated in § 3162(a)(2) to be considered by the district court in determining whether that dismissal should be with or without prejudice. At a subsequent hearing on June 5, 2017, the court agreed to dismiss the indictment without prejudice on the condition that the Government agree not to pursue a 10-year mandatory minimum charge when reindicting Defendant. We review the district court's decision to dismiss without prejudice for abuse of discretion. *United States v. Medina*, 524 F.3d 974, 982 (9th Cir. 2008).

Defendant contends that the district court failed to consider the requisite statutory factors and instead gave dispositive weight to the Government's agreement not to pursue a 10-year mandatory minimum on reindictment. We disagree. Although the district court's comments at the May 30 and June 5 hearings

focused heavily on the prejudice to Defendant resulting from the mandatory minimum sentence, the transcripts from those hearings demonstrate that the district court was also aware of and considered the factors enumerated in § 3162(a)(2).[1] The district court was faced with multiple relevant factors supporting divergent conclusions, and its "judgment of how opposing considerations balance should not lightly be disturbed." *United States v. Taylor*, 487 U.S. 326, 337 (1988). Thus, while different conclusions could be drawn from this record, we are unable to say that the district court abused its discretion in concluding that its dismissal of the indictment should be without prejudice. *See Medina*, 524 F.3d at 982 ("A court abuses its discretion if it 'failed to consider all the factors relevant to the choice' and the 'factors it did rely on were unsupported by factual findings or evidence in the record.'") (quoting *Taylor*, 487 U.S. at 344).

2) Upon deciding to dismiss without prejudice, the district court, at the Government's request, stayed its dismissal order until June 9, 2017 to prevent Defendant's release and possible deportation pending reindictment. On June 6, 2017, the district court signed and dated its order of dismissal, and the clerk of court stamped it filed. However, the clerk did not enter the dismissal order in the

---

[1] Although a more explicit articulation of the district court's analysis would be preferable as an aid to appellate review, "[n]either the statute nor any case requires written findings or a precise script." *United States v. Arellano-Ochoa*, 461 F.3d 1142, 1147 (9th Cir. 2006). We emphasize, however, that the better course is for the district court to make explicit findings under each of the statutory factors.

17-50375

docket until June 12. On June 8, the Government obtained and filed a new indictment against Defendant. On June 19, 2017, Defendant filed a motion to dismiss the new indictment, arguing that—because the court's dismissal of the prior indictment did not become effective until after the new indictment was filed—the new indictment was actually a superseding indictment, which inherited the Speedy Trial Act violation of its predecessor.

While the motion was pending, the district court "adjusted the docket entry" to reflect a June 6 date for the dismissal order.[2] The district court subsequently denied Defendant's motion to dismiss, finding that its dismissal order had taken effect on June 6 and that the amendment of the docket to reflect an entry date of June 6 was a proper use of its authority to amend the record *nunc pro tunc*. We disagree.

The power to enter or amend an order *nunc pro tunc* "is limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000). "It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *Id*. As reflected in both the

---

[2] This was apparently done so that the docket entry would conform to an internal rule of the clerk's office requiring that all orders be entered into the docket on the day they are signed, dated, and filed.

minutes and the transcript from the June 5, 2017 hearing, the district court ordered its dismissal of the indictment stayed until June 9. This indicates a clear intent to postpone the effective date of the dismissal to June 9, which we find inconsistent with the district court's later determination that it had "intended to make the [order] final when it was signed, dated[,] and stamped 'Filed'" on June 6.

The clerk of court's delay in entering the dismissal is consistent with the district court's order that the dismissal be stayed. Although the court later characterized the delayed entry as clerical error, the only conclusion supported by the record is that the clerk was acting to effectuate the district court's order, made on the record at the June 5, 2017 hearing.[3] Because the district court's later amendment of the docket to reflect a dismissal date of June 6, 2017 conflicted with both the court's stay order and the dismissal order's date of entry, it was an attempt to "alter the substance of that which actually transpired," which is beyond the *nunc pro tunc* power. *Id.*

The district court's dismissal order therefore became effective after the Government's filing of a new indictment on June 8, 2017. The June 8 indictment thus constituted a superseding indictment, consequently inheriting its predecessor's

---

[3] Of course, the delay between June 9 and June 12 in entering the order may indeed have been due to clerical error. We need not decide which of these two dates the dismissal order actually took effect, or whether a court could correct a purely clerical error of this kind by ordering that the dismissal be entered on the docket *nunc pro tunc*.

70-day speedy trial clock under 18 U.S.C. § 3161(c)(1). *See United States v. Karsseboom*, 881 F.2d 604, 606-07 (9th Cir. 1989). Because that clock had already lapsed, dismissal was mandated by 18 U.S.C. § 3162(a)(2), and the district court erred in denying Defendant's motion to dismiss the June 8, 2017 indictment. We therefore vacate Defendant's resulting conviction and sentence.

**REVERSED AND REMANDED.**


*United States v. Sanchez-Martinez*, No. 17-50375

**CHRISTEN**, Circuit Judge, concurring in part and dissenting in part.

I agree with my colleagues that the district court correctly decided that a Speedy Trial Act violation occurred in this case, and I would affirm the district court's order dismissing the first indictment without prejudice. But I would also affirm the district court's denial of the second motion to dismiss. I part ways with the majority because I find no error in the district court's use of *nunc pro tunc* to adjust the docket to reflect the court's original intention, articulated at the June 5, 2017 hearing. I respectfully dissent from the court's disposition of the second motion to dismiss.

On June 5, the district court orally announced that it would dismiss the indictment without prejudice in light of the Speedy Trial Act violation and the government's agreement to seek a new indictment without a ten-year mandatory minimum. The prosecutor wanted an opportunity to return to the grand jury to obtain a new indictment without taking the risk that the defendant would be released—and perhaps disappear—before trial, and the prosecutor asked the court to stay the judgment. The district court agreed to do so until June 9. The majority interprets the district court's agreement to "stay" the judgment as expressing its intent not to execute the judgment until June 9, but this is clearly not the case. Any doubt on that score evaporated the very next day, June 6, when the court signed the

judgment and it was stamped "filed."  Apparently the judgment was not sent to be docketed, consistent with the court's on-record agreement to accommodate the parties until June 9. Meanwhile, on June 8, a new indictment was obtained.  Then, contrary to the rule requiring that a judgment be docketed the same day it is signed, on June 12 a clerk docketed the previously-executed judgment.  Sanchez-Martinez relies on this date of docketing to argue that the new indictment was infected by the original Speedy Trial Act violation.  I disagree.  By my read, the district court's intent was clear.  Rather than signaling a change from what the court intended to do on June 5, the record convinces me only that the court was unaware of the court rule requiring orders to be signed, dated, filed, and entered on the docket on the same day.  I conclude the *nunc pro tunc* order amending the electronic docket reflected the court's original intention articulated on June 5, and the district court did not exceed its authority by changing the entry-of-judgment date to June 6, 2017—the day the court executed the order.  *United States v. Sumner*, 226 F.3d 1005, 1009–10 (9th Cir. 2000).  Accordingly, the Speedy Trial Act violation did not infect the June 8, 2017 indictment.

I would remand only for the district court to explicitly discuss and weigh the Speedy Trial Act statutory factors on the record.  The Speedy Trial Act memorializes the strong interests, held by both the accused and society, in the timely and fair administration of justice.  *See United States v. Ramirez-Cortez*, 213

F.3d 1149, 1156 (9th Cir. 2000). Although it is apparent that the district court considered the Speedy Trial Act factors when dismissing without prejudice, *United States v. Taylor* requires that district courts "carefully express [their] decision[s] whether or not to bar reprosecution in terms of the guidelines specified by Congress" in order to allow thorough appellate review. 487 U.S. 326, 343 (1988). In light of *Taylor*'s rule, I would remand for the district court to further articulate its analysis of the statutory factors.