**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50078 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02175-LAB-1 |
| v. | |
| TANYA MARIE ECKROAT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Tanya Marie Eckroat appeals from the district court's judgment and

challenges the 90-month sentence imposed following her guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Eckroat contends that the district court erred by denying her request for a minor-role reduction under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). Contrary to Eckroat's claim, the record reflects that the court considered each of the factors listed in the commentary to the minor-role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). Moreover, it properly compared Eckroat to her alleged recruiter, the only other person she identified in the criminal activity, as well as to other likely participants. *See Diaz*, 884 F.3d at 916-17. The court concluded that, although Eckroat may have been less culpable than her recruiter, she was not "substantially less culpable than the average participant," U.S.S.G. § 3B1.2 cmt. n.3(A), in light of her admitted history of smuggling and relative sophistication. On this record, the court did not abuse its discretion by denying the minor-role reduction.

Eckroat also contends that the court relied on the clearly erroneous fact that she was on supervised release at the time of the offense. We conclude any error was harmless because the record demonstrates the court's concern was not that she was on supervision, but rather that Eckroat had a recent conviction for smuggling an alien. *See United States v. Medina*, 524 F.3d 974, 984-85 (9th Cir. 2008) (district court's factual errors are harmless if they do not affect the ultimate

21-50078

conclusion).

Lastly, Eckroat contends that the 90-month sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including, as the district court noted, the nature and circumstances of the offense and Eckroat's criminal history.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**