**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30178 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:19-cr-00141-SPW-1 |
| | 1:19-cr-00141-SPW |
| CHRISTOPHER SANTILLANES CEJA, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted July 5, 2022
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and CHEN,** District Judge.

Christopher Ceja appeals the district court's denial of his motion to dismiss the indictment and motion to suppress. Because there is no Speedy Trial Act or Fourth Amendment violation, we affirm.

We review de novo a district court's application of the Speedy Trial Act.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

*United States v. Medina*, 524 F.3d 974, 982 (9th Cir. 2008). In reviewing a district court's denial of a motion to suppress, we review the legal conclusions de novo and factual findings for clear error. *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011).

1. The district court properly denied Ceja's motion to dismiss for a Speedy Trial Act violation. The Speedy Trial Act requires that a defendant's trial generally start within 70 days of the filing of the indictment or information. 18 U.S.C. § 3161(c)(1). Pretrial motions requiring hearings automatically pause the clock "through the conclusion of the hearing on . . . such motion." *Id.* § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647, 655 (2011).

Ceja argues that more than 70 days elapsed because the district court improperly excluded 26 additional days between August 14, 2020, and October 15, 2020. Ceja contends that this time period should be included in the Speedy Trial calculation because the delays were attributable to the government or the court. But Ceja filed a motion to suppress on June 15, 2020. The filing of the motion had the effect of pausing the clock while the motion was under the advisement of the court. 18 U.S.C. § 3161(h)(1)(D), (H). *See Medina*, 524 F.3d at 979 (explaining that pretrial motions which require a hearing automatically pause the clock even when the delay is not "reasonably necessary"). The clock was thus paused between June 15, 2020 and December 2, 2020 (30 days after the hearing on the suppression

2

motion). So the district court correctly calculated that only 69 days elapsed after Ceja's arraignment and did not err in denying his motion to dismiss based on a Speedy Trial Act violation.

2. The district court did not err in denying Ceja's motion to suppress evidence. Police officers had reasonable suspicion to stop Ceja's car based on two independent grounds: (1) violation of drug trafficking laws, and (2) violation of a traffic regulation. Police officers had "specific, articulable facts" that Ceja's car carried drugs based on information from a confidential informant. *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Other evidence corroborated the informant's information. The corroborated evidence provided "objective and reasonable inferences" for a "particularized suspicion" to stop the car. *Id.* (emphasis omitted); *see also Alabama v. White*, 496 U.S. 326, 331–32 (1990) (holding that an investigatory stop did not violate the Fourth Amendment when an anonymous tip was significantly corroborated).

A police officer also witnessed Ceja committing a traffic violation and so Ceja could be stopped based on that violation alone. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (holding that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred").

Ceja argues that the traffic stop was unlawfully prolonged because the traffic

citation and the drug investigation were not conducted simultaneously. But he cites no authority requiring the drug investigation to be conducted at the same time as the traffic stop. Indeed, "[w]e [have] recognize[d] that an officer may prolong a traffic stop if the prolongation itself is supported by independent reasonable suspicion." *United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015). Here, since we conclude that independent reasonable suspicion supported both the traffic stop and the drug investigation, there was no unlawful prolongation of the stop.

Because none of Ceja's other arguments supports suppressing the drug evidence, the district court did not err in denying the motion to suppress.

**AFFIRMED.**