# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1190

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Joseph Michael Rector, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: March 16, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Joseph Michael Rector was charged in a six-count indictment with possessing, distributing, and receiving child pornography, in violation of 18 U.S.C. § 2252. Prior to trial, Rector filed a motion to dismiss the indictment, arguing that his right to a speedy trial had been violated. The district court[1] denied the motion. Thereafter, Rector submitted a written waiver of his right to a jury trial. Following a bench trial, the district court convicted Rector on all six counts of the indictment. Rector appeals, arguing that the district court violated the Speedy Trial Act, 18 U.S.C. § 3161, by

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

failing to bring him to trial within 70 days of his arraignment after counting the properly excluded time. We affirm.

## I. *Background*

On February 8, 2008, Rector was charged by criminal complaint with possessing and distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). He was arrested on February 9, 2008, and appeared with retained counsel Jeff Watson before the magistrate judge on February 11, 2008. Rector waived a probable cause hearing and requested a detention hearing, which the magistrate judge conducted on February 15, 2008. The magistrate judge issued an order of detention pending trial at the conclusion of the hearing.

On March 5, 2008, the grand jury charged Rector in a six-count indictment with (1) one count of possessing an image of child pornography mailed, shipped or transported in interstate and foreign commerce by computer, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2); (2) one count of distributing an image of child pornography mailed, shipped, or transported in interstate and foreign commerce by computer, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); and (3) four counts of receiving an image of child pornography mailed, shipped, or transported in interstate and foreign commerce by computer, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Rector appeared with Watson for arraignment on March 14, 2008, and Rector pleaded not guilty. The case was scheduled for jury trial on April 21, 2008.

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), provides that a trial shall "commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Rector's arraignment on March 14, 2008, started the 70-day speedy trial clock.

On April 10, 2008, Rector filed a motion to continue the jury trial scheduled for April 21, 2008. Rector's motion sought additional time for a forensic expert to examine the computer containing the contraband images charged in the indictment. The government did not oppose the motion. The district court continued the jury trial to May 27, 2008. The court excluded April 21 to May 27, 2008, from the speedy trial calculation after finding that the ends of justice permitted exclusion pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

Prior to the May 27, 2008 trial date, the government learned and disclosed to Rector's counsel that the government had discovered evidence that Rector had committed criminal conduct in the Western District of Oklahoma. Based on that evidence, Rector potentially faced charges there similar to the ones in Arkansas. In light of the enhanced penalty provision for those previously convicted of violating 18 U.S.C. §§ 2251 and 2252, Rector, through his counsel, informed the government that he wished to resolve all potential criminal charges in one negotiated plea settlement. Rector's counsel made an oral motion to the district court, unopposed by the government, asking the district court to postpone the May 27 trial so that charges in the Western District of Oklahoma could be transferred to the Western District of Arkansas for consolidation in one prosecution, pursuant to Federal Rule of Criminal Procedure 20. The district court granted Rector's motion and rescheduled the trial for June 30, 2008. The district court's order, entered May 22, 2008, stated that the time from May 27 to June 30, 2008, was excluded pursuant to 18 U.S.C. § 3161(h)(1)(G). On May 23, 2008, an information and consent to transfer of case for plea and sentence from the Western District of Oklahoma was entered as case number 5:08-CR-50056 in the Western District of Arkansas. The one-count indictment charged Rector with producing child pornography, in violation of 18 U.S.C. § 2251.

On June 26, 2008, the district court was notified that the parties had reached a negotiated plea and that the parties would submit a written plea agreement to the district court. The district court cancelled the jury trial scheduled for June 30, 2008,

and set a change-of-plea hearing for July 23, 2008. The district court received the written plea agreement on July 3, 2008. The written plea agreement called for the dismissal of the indictment in the Western District of Arkansas in exchange for Rector pleading guilty to the transferred Western-District-of-Oklahoma information.

At the change of plea hearing on July 23, 2008, Rector informed the district court that he wanted to terminate Watson as his counsel and hire Thomas Barton Smith. Rector told the district court that, although he had signed the written plea agreement, "I don't think I should have signed it, Your Honor." Rector did not enter a guilty plea. The district court inquired as to whether Smith, who was present in the courtroom on July 23, was admitted to practice in the Western District of Arkansas. Smith informed the court that he had not yet applied for admission to practice in the district but intended to do so. Smith told the district court that he had not talked to Rector and appeared in court that day only because "I received a phone call last night asking could I be here, and I am." Because Smith was not yet admitted to practice in the Western District of Arkansas, the district court stated that it was "hesitant to show [Smith] as attorney of record until [he] was so qualified, so I'll simply rule from the bench that Mr. Watson may be relieved." The district court directed Smith to gain admission within ten days. The district court asked the parties to be available for a telephone conference "within the next few days so I can see what course this thing is going to take." Additionally, the district court made a finding that the time lost in light of Rector's termination of Watson and replacement with Smith—an attorney not yet admitted to practice in the district—should be excluded for speedy trial purposes.

On August 4, 2008, the district court conducted a telephone conference and learned that Smith was still not yet admitted to practice in the district. That same day, the district court entered an order to continue the trial to August 25, 2008, and excluded from speedy trial calculation the time from June 26 to August 25, 2008, pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

On August 12, 2008, Smith entered his appearance as Rector's attorney of record. Six days later, Rector filed a motion to dismiss the indictment, arguing that his right to a speedy trial had been violated. The government opposed the motion. The district court entered an order denying Rector's motion to dismiss. In the order, the district court set forth the chronology of Rector's case and excludable time attributable to each period of delay. Rector's actions caused delays through his (1) initial request for additional time to prepare for trial; (2) request for delay to permit the transfer of the Western-District-of-Oklahoma charge to the Western District of Arkansas; and (3) termination of Watson as counsel and substitution of Smith as retained counsel.

Thereafter, Rector, through Smith, negotiated a written plea agreement. Smith notified the district court that the parties had reached a plea agreement. At the change-of-plea hearing held on August 25, 2008, Rector indicated to the district court that he did not want to go forward with the plea agreement and asked the court's permission to discharge Smith as his counsel. In response to Rector's request, the district court permitted Rector to fire Smith but required Smith to remain as standby counsel. The district court scheduled the jury trial for August 27, 2008.

On August 27, 2008—the day that trial was scheduled to commence—Rector submitted a written waiver of his right to a jury trial. The government called seven witnesses and introduced 72 exhibits. Rector offered no evidence. The district court convicted Rector on all six counts of the indictment.

On January 9, 2009, a sentencing hearing was held at which the district court, applying the advisory Guidelines, found Rector's total offense level to be 51. Pursuant to the statutorily authorized maximum sentence, the Guidelines range was 1320 months' imprisonment—240 months on each of Counts 2 through 6 and 120 months on Count 1. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Rector to 1320 months' imprisonment.

## II. *Discussion*

On appeal, Rector argues that the district court violated the Speedy Trial Act, 18 U.S.C. § 3161, by failing to bring him to trial within 70 days of his arraignment after counting the properly excluded time.

In response, the government argues that the district court properly calculated the days between arraignment on March 14, 2008, and Rector's trial on August 27, 2008, and determined that Rector was tried within 70 days as required by the Speedy Trial Act. The government notes that the district court made specific findings that Rector caused delays occurring between the arraignment and trial. As a result, it maintains that the district court properly excluded all of the delays in its speedy trial calculation.

The Speedy Trial Act provides, in relevant part, that

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within this time period, upon the defendant's motion, the district court must dismiss the information or indictment. *Id*. § 3162(a)(2).

But the Speedy Trial Act outlines "periods of delay" that "shall be excluded . . . in computing the time within which the trial of any such offense must commence . . . ." *Id*. § 3161(h). Thus, we must determine whether the time periods that the district court excluded from Rector's speedy trial calculation qualify as "periods of delay."

Rector first contests[2] the exclusion of time between July 1 and July 23, 2008. On July 3, 2008, the parties furnished the district court with the written plea agreement, reflecting that Rector had waived the indictment and agreed to plead guilty to the information. A change of plea hearing was scheduled for July 23, 2008.

The district court found such time excludable pursuant to § 3161(h)(1)(G). That section provides that for the exclusion of a period of time attributable to "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government . . . ." 18 U.S.C. § 3161(h)(1)(G).

Rector does not dispute that from July 3 to July 23, the court was "considering" the proposed plea agreement; instead, he argues that when the court was informed on June 26, 2008, that the parties had reached a negotiated plea and that a written plea agreement would be submitted to the district court, the court should have scheduled the change of plea hearing for June 30, 2008 —the date the trial was scheduled to begin—instead of scheduling it for July 23, 2008. Rector asserts that if the court had set the plea date for the date previously set for the jury trial—June 30—the court would have learned that he wanted to withdraw his consent to the proposed plea

_____

[2]As the government notes in its brief, Rector is not contesting the first period of delay excludable for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv)—the trial continuance from April 21, 2008 (the original trial date) to May 27, 2008 (the new trial date) based on Rector's request for additional time to prepare for trial.

And, Rector is apparently not contesting the second period of delay for speedy trial purposes pursuant to § 3161(h)(1)(E)—the continuance from May 27, 2008 (the trial date) to June 30, 2008 (the new trial date) based on Rector's request to allow the transfer of the case from the Western District of Oklahoma.

agreement. This argument is nonsensical, considering that the district court did not even receive the written plea agreement until July 3, 2008. There is no evidence that the government and Rector had a signed, written plea agreement on June 26, 2008; instead, they merely informed the court that they would be submitting such an agreement in the future. Additionally, even if there had been a written plea agreement on that date, there is no evidence that four days would have been a sufficient amount of time for the court to review it. Therefore, we hold that the district court properly excluded the time between July 1 and July 23, 2008, from the speedy trial calculation pursuant to § 3161(h)(1)(G).

Rector also contests the exclusion of time between July 23 and August 25, 2008, because his new counsel—Smith—was present and ready to take over the case and did not request any additional time to prepare. According to Rector, the fact that Smith was not a member of the Western District of Arkansas's bar was an insufficient ground to exclude the time. Rector maintains that the district court should have set a trial date and only have excluded the time later if Smith failed to gain admittance to the Western District of Arkansas by the trial date.

On July 23, 2008, Rector appeared before the district court for the change-of-plea hearing, but he advised the court that he wished to terminate his retained attorney—Watson—and retain different counsel—Smith. He also stated that he did not think he should have signed the plea agreement. The district court permitted Watson to withdraw but directed Smith—who was not then admitted to practice in the Western District of Arkansas—to immediately petition for admission. The court noted that the time lapse due to Rector's desire to change attorneys should be excluded under the Speedy Trial Act. The court asked both Watson and Smith if they had any objections. Both agreed that such time was excludable. On August 4, 2008, Smith advised the court that he had received a certificate of good standing from the Arkansas Supreme Court and planned to immediately petition for admission to the Western District of Arkansas. Smith indicated that his client believed that the Speedy Trial Act

had been violated, but Smith said that his research did not support his client's position. The court then rescheduled the trial for August 25, 2008, finding that the time between June 26 and August 25, 2008, was excludable under §§ 3161(h)(7)(A) and (B)(iv).[3] The court specifically made an ends-of-justice finding, stating:

> The Court finds that the ends of justice [are] served by rescheduling the trial date due to the defendant's decision not to proceed with the plea agreement, by allowing the defendant to retain new counsel, and by allowing counsel to seek admission to this court and prepare for trial outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)([7])(A) & (B)(iv).

Section 3161(h)(7)(A) permits the district court to properly exclude a period of delay resulting from a continuance granted by the district court on its own motion where the court granted the continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and set forth, orally or in writing, "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." In determining whether to grant a continuance under subsection (h)(7)(A), the court must consider

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(iv).

---

[3]The district court correctly cited the 2008 version of § 3161. Under the 2008 version, § 3161(h)(7)(A) was formerly § 3161(h)(8)(A).

Here, the court stated in its order setting the trial date that the continuance would serve the ends of justice by allowing (1) the defendant to retain new counsel and (2) counsel to seek admission to the district and prepare for trial. *See id.*; *United States v. Stackhouse*, 183 F.3d 900, 901 (8th Cir. 1999) (stating that district court must set forth in the record its reasons for finding that the ends of justice would be served); *United States v. Yerkes*, 345 F.3d 558, 562 (8th Cir. 2003) (holding that the time period for the continuance of the trial was required to be excluded from the speedy trial calculation where district court specifically determined that the continuance was based upon the need to replace defense counsel due to a conflict of interest and to allow reasonable time for new counsel to prepare). Thus, we find that the district court properly excluded the time between July 23 and August 25, 2008, from the speedy trial calculation pursuant to §§ 3161(h)(1)(7)(A) and (B)(iv).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____