**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10579 |
| Plaintiff - Appellee, | D.C. No. 5:03-cr-20010-RMW-1 |
| v. | |
| KEVIN V. DUGAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted August 8, 2011
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant Kevin Dugan appeals from his conviction of charges related to

his illegal use, production, and distribution of marijuana. For the following

reasons, we affirm.[1]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] We reject Defendant's constitutional argument, that 18 U.S.C. § 922(g)(3)
violates his Second Amendment right to possess weapons, in an opinion filed
concurrently with this memorandum.

1. Defendant first argues that the government failed to abide by the Speedy Trial Act's requirement that it bring him to trial within 70 days of his indictment. 18 U.S.C. § 3161(c)(1). We review de novo the district court's application of the Speedy Trial Act's legal standards, and we review the district court's factual findings for clear error. United States v. Alvarez-Perez, 629 F.3d 1053, 1056–57 (9th Cir. 2010).

Defendant waived his Speedy Trial Act claim by failing to move to dismiss the indictment on that ground prior to trial. See 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."). Although we have held that a Speedy Trial Act claim is preserved when a defendant himself moved to dismiss the indictment, even though his lawyer refused to do so, United States v. Hall, 181 F.3d 1057, 1060 (9th Cir. 1999), we never have held that a Speedy Trial Act claim is preserved when no one moved to dismiss the indictment on that ground prior to trial. Because neither Defendant nor his lawyer made any such motion before trial, Defendant plainly waived his Speedy Trial Act claim under § 3162(a)(2).

2. Defendant claims that the responding police officer who searched his house violated the Fourth Amendment's restrictions on warrantless searches in the

2

home. Reviewing de novo, <u>United States v. Ewing</u>, 638 F.3d 1226, 1229 (9th Cir. 2011), we reject that claim.

First, the emergency doctrine applies here because the officer reasonably believed that someone else might be in the home who required his immediate assistance. <u>See</u> <u>United States v. Martinez</u>, 406 F.3d 1160, 1164 (9th Cir. 2005) ("The emergency doctrine provides that if a police officer, while investigating within the scope necessary to respond to an emergency, discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would have been found." (internal quotation marks omitted)). The officer received a report of domestic violence and, from outside, heard slapping sounds emanating from the house. He located the woman who claimed to be Defendant's wife—who denied having been in an argument with her husband—and saw that she had no apparent injuries. The officer therefore reasonably searched Defendant's home to find, protect, and care for any other person who might have been injured.

Second, Defendant created exigent circumstances when he directed his wife to go into his bedroom and retrieve certain documents.[2] See Huff v. City of Burbank, 632 F.3d 539, 544 (9th Cir. 2011) ("There are exigent circumstances to justify a warrantless entry by police officers into a home if the officers have a reasonable belief that their entry is necessary to prevent . . . the destruction of relevant evidence . . . or some other consequence improperly frustrating legitimate law enforcement efforts." (internal quotation marks omitted)).  Here, the officer had not yet arrested the woman, so she remained free to go to the bedroom at her husband's direction.  Having seen numerous marijuana plants growing on Defendant's patio, the officer had probable cause to think that other evidence of marijuana trafficking existed elsewhere in the home.  Not knowing what the woman might do when out of view, the officer reasonably followed her as she went into the bedroom to be sure that she did not destroy evidence of a crime or obtain a weapon.  For those two independent reasons, we reject Defendant's Fourth Amendment challenge to the warrantless search of his home.

---

[2]  Although the district court did not rely on this reason to reject Defendant's motion to suppress, we may affirm the denial of a motion to suppress evidence on any basis supported by the record.  United States v. Ruiz, 428 F.3d 877, 880 (9th Cir. 2005).

3. Defendant next argues that the officers violated his Fifth Amendment right to a Miranda warning, so the district court should have excluded several incriminating statements that Defendant made to the officers during their initial investigation. We review de novo the issue whether a defendant was entitled to a Miranda warning. United States v. Washington, 462 F.3d 1124, 1132 (9th Cir. 2006). But we decline to address the merits of Defendant's Fifth Amendment claim because, even if the district court improperly admitted all of the incriminating statements, its errors were harmless beyond a reasonable doubt in light of the other extensive evidence of Defendant's guilt. See United States v. Gillam, 167 F.3d 1273, 1277 (9th Cir. 1999) (finding an error harmless beyond a reasonable doubt because "the testimony erroneously admitted was merely cumulative of other overwhelming and essentially uncontroverted evidence properly admitted").

4. Defendant asserts that the district court improperly found that he voluntarily consented to the search of his home. Reviewing the totality of the circumstances for clear error, United States v. Washington, 490 F.3d 765, 769 (9th Cir. 2007), we disagree.

5. Defendant argues that the evidence did not sufficiently support the jury's conviction of manufacturing more than 100 marijuana plants with the intent to

distribute marijuana. Reviewing de novo, <u>United States v. Tucker</u>, 641 F.3d 1110, 1118 (9th Cir. 2011), we reject that argument.

The government had to establish that at least 100 of the marijuana plants recovered from Defendant's home had roots. <u>United States v. Robinson</u>, 35 F.3d 442, 446 (9th Cir. 1994). The government's expert opined that <u>any</u> marijuana plant five-to-ten-inches tall "must have some sort of a root structure for it to continue to grow." Because officers recovered more than 400 plants more than 12 inches tall, a reasonable juror could have determined that Defendant had at least 100 marijuana plants growing in his house.

Defendant also challenges the sufficiency of the evidence by which the government established that the plants were marijuana plants and not something else. Three experienced officers who personally observed the plants in Defendant's home identified the plants as marijuana. The government's expert also identified the plants as marijuana. And a forensic scientist who tested one of the leaves recovered from one of the plants identified the leaf as marijuana. A reasonable juror could find beyond a reasonable doubt that at least 100 of the plants obtained from Defendant's house were marijuana plants. We therefore reject Defendant's sufficiency-of-the-evidence claims.

6

6. Defendant claims that 18 U.S.C. § 922(g)(3) is too vague as applied in these circumstances to support his conviction. Reviewing de novo, United States v. Hungerford, 465 F.3d 1113, 1116 (9th Cir. 2006), we reject that claim. The terms of § 922(g)(3) are clear. A user of a controlled substance under federal law may not deal in the interstate transfer, or receive through interstate transfer, a firearm. Moreover, because Defendant "took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm," his drug use was sufficient to put him on notice that he fell within the statutory definition of "unlawful [drug] user" in § 922(g)(3). United States v. Purdy, 264 F.3d 809, 812–13 (9th Cir. 2001) (alteration in original). The statute is not void for vagueness as applied here.

7. Defendant challenges the admission of testimony by one of the government's witnesses about his subjective intent to distribute marijuana. Defendant failed to object to that testimony at trial, so we review for plain error. United States v. Vo, 413 F.3d 1010, 1016 (9th Cir. 2005). Because overwhelming evidence established that Defendant had a business of growing and distributing marijuana, any error in admitting the witness' testimony did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Mitchell, 502 F.3d 931, 968 (9th Cir. 2007) (holding that, "in light of the

7

overwhelming evidence of guilt," it could not "possibly have been plain error, in the absence of a motion to strike," for the district court to allow the testimony). We therefore reject Defendant's evidentiary challenge.

8. Defendant argues that his conviction under the Controlled Substances Act, 21 U.S.C. §§ 801–971, violates the Ex Post Facto Clause. That clause prohibits the government from punishing someone for an act that was not criminal at the time that it was committed. United States v. Arzate-Nunez, 18 F.3d 730, 733 (9th Cir. 1994). Specifically, Defendant argues that our opinion in Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003), reversed by Gonzalez v. Raich, 545 U.S. 1 (2005), rendered the Controlled Substances Act unconstitutional to the extent that it criminalized the use of marijuana for medical purposes. We review de novo an ex post facto challenge. United States v. Reynard, 473 F.3d 1008, 1017 (9th Cir. 2007).

Even accepting Defendant's reading of our Raich opinion, Defendant's claim fails on its face. The acts that gave rise to Defendant's convictions occurred in 2002. We did not issue our opinion in Raich until 2003. Because federal law prohibited growing marijuana with the intent to distribute it at the time of Defendant's crimes and arrest, there is no ex post facto problem with Defendant's conviction.

8

9.  Finally, Defendant argues that the alleged errors in this case cumulatively require us to reverse his conviction.  We disagree.  Even assuming that the district court erroneously admitted Defendant's statements and erroneously failed to exclude testimony regarding Defendant's intent to distribute marijuana, such errors did not render Defendant's trial "fundamentally unfair."  Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007).  We therefore decline Defendant's invitation to reverse his conviction because of cumulative error.

AFFIRMED.