NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BROCK WILLIAMS and SYLVIA WILLIAMS,<br><br>           Plaintiffs-Appellants,<br><br> v.<br><br>BANK OF AMERICA, N.A. and U.S. BANK NA, as Trustee for Resident Accredit Loans Inc Series 2006 QS2,<br><br>           Defendants-Appellees. | No.   15-17335<br><br>D.C. No. 5:15-cv-00792-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted July 11, 2017[**]
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

Brock and Sylvia Williams appeal the district court's order dismissing their First Amended Complaint without leave to amend. We review de novo, *Pakootas v. Teck Cominco Metals, Ltd.*, 646 F.3d 1214, 1218 n.20 (9th Cir. 2011), and affirm.

The Williamses allege that U.S. Bank attempted to complete a nonjudicial foreclosure sale of their real property in San Jose, California, despite U.S. Bank's allegedly lacking a legitimate interest in the property. They claim that the documentation on which U.S. Bank relies to establish an interest in the property, an assignment of rights to a deed of trust, is forged and was unauthorized. The Williamses also allege that Bank of America has an adverse interest in the same property, and they claim that Bank of America likewise relies on a forged deed of trust to establish its interest. The Williamses' First Amended Complaint sought to quiet title and requested cancellation of the allegedly forged and unauthorized instruments.

The Williamses do not state a viable claim to quiet title. They do not allege that they paid or offered to pay the amounts outstanding on their deed of trust. *See, e.g.*, *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 835 (Ct. App. 2013) ("A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."). It is also undisputed that Bank of America no longer makes any adverse

2

claim against the Williamses' property.[1]  *See, e.g.*, *Friends of the Trails v. Blasius*, 93 Cal. Rptr. 2d 193, 206 (Ct. App. 2000) ("[T]here is no entitlement to a judgment quieting title insofar as there is no antagonistic property interest.").

The request for a cancellation of instruments was also correctly dismissed. A borrower cannot assert a California-law claim for cancellation of instruments in a preemptive pre-foreclosure action.[2]  *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (distinguishing *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016)).

In addition, the Williamses argue that their First Amended Complaint "implicates" several claims and legal theories that they did not press in district court.  "[I]t is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below."  *Chadd v. United States*, 794 F.3d 1104, 1109 n.4 (9th Cir. 2015) (quoting *Alaska Airlines, Inc. v. United*

---

[1] The Williamses do argue that the district court took improper judicial notice of several "foreclosure documents," but the only document on whose substance the district court relied to dismiss the First Amended Complaint was a recorded reconveyance of interests from Bank of America to the Williamses.  The parties agreed that Bank of America no longer claims an adverse interest in the Williamses' property.

[2] Although this rule has at times been labeled a "standing" doctrine, it does not implicate our subject matter jurisdiction.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 n.4 (2014) ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction . . . ." (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 642-43 (2002))).

*Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991)), *cert. denied*, 136 S. Ct. 2008 (2016).  We instead interpret the Williamses' assertion of those theories as an argument that the district court erred by dismissing without leave to amend.  Because the amendments that the Williamses propose would be futile, we affirm.  *See, e.g.*, *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("[A] district court does not err in denying leave to amend where the amendment would be futile." (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991))).

First, the Williamses argue that they could state a claim against U.S. Bank under California Civil Code section 2924(a)(6).  Although relief might be available to a borrower after an unauthorized foreclosure sale (a question that we need not consider here because no foreclosure sale has occurred), a borrower may not seek to enjoin a future foreclosure sale under section 2924(a)(6).  *Lucioni v. Bank of Am., N.A.*, 207 Cal. Rptr. 3d 418, 422-23 (Ct. App. 2016).  Amendment to assert a claim under section 2924(a)(6) would therefore be futile.

Second, the Williamses argue that they could assert a common law claim for wrongful foreclosure.  The Williamses cannot state a claim for wrongful foreclosure, however, until a sale has occurred.  *See, e.g.*, *Miles v. Deutsche Bank Nat'l Tr. Co.*, 186 Cal. Rptr. 3d 625, 636 (Ct. App. 2015) (listing the elements of

4

"a tort cause of action for wrongful foreclosure," including that the defendant "caused an illegal, fraudulent, or willfully oppressive sale").

Third, the Williamses assert that both U.S. Bank and Bank of America are liable under California Business and Professions Code section 17200. To state a claim under section 17200, a plaintiff must allege that a defendant's unlawful, unfair, or fraudulent business practices caused her an economic injury. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011). "That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 61 Cal. Rptr. 3d 716, 729 (Ct. App. 2007). Here, the Williamses assert that "Defendants engaged in deceptive business practices . . . by, among other things, executing and recording documents without the legal authority to do so." But the Williamses do not allege that they would be relieved of their payment obligations under the deed of trust if U.S. Bank had not recorded documents as it did, nor do the Williamses explain how any economic injury they suffered was caused by Bank of America. Given the lack of any causal connection between Defendants' actions and any injury, the Williamses could not state a claim under section 17200. *See Turner v. Wells Fargo Bank NA* (*In re Turner*), ___ F.3d ___, No. 15-60046, 2017 WL 2587981, *4-5 (9th Cir. June 15, 2017) (affirming dismissal of a claim under section 17200 because the plaintiffs' property "would have been foreclosed regardless of the

5

alleged deficiencies" in an assignment of a deed of trust and a related document, so causation was lacking).

Finally, the Williamses argue that they could state a claim for declaratory relief to ascertain "who[] is on the other side of their contract/Note." "However, California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" *Saterbak*, 199 Cal. Rptr. 3d at 814 (quoting *Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 925 (Ct. App. 2013), *disapproved of in part on other grounds by Yvanova*, 365 P.3d 845).

**AFFIRMED.**