**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50236 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:19-cr-01045-CAB-1 |
| MERLI YONATAN MARTINEZ-AVILA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted December 8, 2020**
Pasadena, California

Before:  KELLY,*** GOULD, and R. NELSON, Circuit Judges.

Merli Martinez-Avila appeals his jury conviction for attempting to enter the

United States after previously being removed, in violation of 8 U.S.C. § 1326.  He

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

contends the district court failed to dismiss the charges against him despite the government filing untimely indictments under the Speedy Trial Act ("STA"), which prevents some indictments from being filed more than thirty days after arrest. 18 U.S.C. § 3161(b). However, the thirty-day limitation is no help to Martinez-Avila, and we affirm.

We have jurisdiction to review a district court's order for final judgment under 28 U.S.C. § 1291. "We review [a] district court's disposition of an STA issue for clear error as to factual findings and de novo as to application of legal standards." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1056–57 (9th Cir. 2010) (citation omitted).

The STA "gave effect to a Federal defendant's right to a speedy trial under the Sixth Amendment" by "provid[ing] strict time limits for each stage of the criminal trial process." *United States v. Rojas-Contreras*, 474 U.S. 231, 238 (1985) (Blackmun, J., concurring) (internal quotation marks and citation omitted). To that end, 18 U.S.C. § 3161(b) requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Otherwise, "the charge must be dismissed." *United States v. Solorzano-Rivera*, 368 F.3d 1073, 1076 (9th Cir. 2004); *see also* 18 U.S.C. § 3162(a)(1). Courts have interpreted the "in connection with such

2

charges" language to include charges that are "apparent on the face of the complaint." *United States v. Pollock*, 726 F.2d 1456, 1463 (9th Cir. 1984). But even after thirty days, "the government may indict on new charges" that were not apparent on the face of the complaint without violating the STA. *United States v. Lopez-Osuna*, 242 F.3d 1191, 1197 (9th Cir. 2000); *see also United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1049 (9th Cir. 1990) (noting that dismissal is not required for offenses with which defendant was "not formally charged when arrested"). Because the STA's requirements were not violated here, dismissal is not required.

Martinez-Avila contends that the STA's thirty-day clock started running when he was arrested and charged with violating 8 U.S.C. § 1325(a)(2) on January 1, 2019. However, his arrest did not start a thirty-day clock for the § 1325 misdemeanor charges or the § 1326 felony charge brought in the indictment and superseding indictment.

Martinez-Avila was arrested for an illegal entry charge under § 1325(a), which is a Class B misdemeanor offense. *See* 18 U.S.C. §§ 19, 3559(a)(7). But the STA "does not apply to Class B misdemeanors." *United States v. Nickerson*, 731 F.3d 1009, 1014 (9th Cir. 2013) (citations omitted). Thus, the STA did not require the government to file an indictment or information charging § 1325(a) within thirty days to avoid dismissal.

3

Nor did Martinez-Avila's misdemeanor arrest for violation of § 1325(a) require the government to indict him within thirty days for any § 1326(a) offense. "[Sections] 1325 and 1326 are separate offenses with some different elements." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1123 (9th Cir. 2001) (citation omitted). Even though the misdemeanor and felony offenses "arose from the same criminal" episode, the felony indictment did not need to come within thirty days of the misdemeanor arrest because "the respective offenses are punishable under different statutes." *United States v. Palomba*, 31 F.3d 1456, 1464 (9th Cir. 1994). In addition, it was not "apparent on the face of the [§ 1325]" charge for illegal entry that there was a possible § 1326 illegal *reentry* charge. *Pollock*, 726 F.2d at 1463. Thus, the government did not violate the STA by indicting Martinez-Avila for the § 1326(a) violation more than thirty days after his arrest for violating § 1325(a).

Finally, the government did not violate the STA by filing the superseding indictment. Martinez-Avila cites to 18 U.S.C. § 3161(d)(1) to argue that the STA precluded the government from filing the subsequent superseding indictment for a violation of 8 U.S.C. § 1326.[1] But, as relevant here, § 3161(d)(1) merely stands for

---

[1] The subsequent indictment included the same 8 U.S.C. § 1326 felony charge as the prior indictment, albeit under a "found in" the United States theory instead of an "attempt[ing] to enter the United States" theory. 8 U.S.C. § 1326; *see Palomba*, 31 F.3d at 1464 (noting that the STA typically treats charges as the same

the proposition that when a charge has been dropped or dismissed, and the same charge is subsequently raised in a new complaint or indictment, the thirty-day clock restarts with the new complaint or indictment. *United States v. Barraza-Lopez*, 659 F.3d 1216, 1218–19 (9th Cir. 2011). Therefore, even though the superseding indictment was filed more than thirty days after the prior indictment, a fresh clock cures any potential STA violation regarding the superseding indictment.[2]

**AFFIRMED.**

---

when they are brought under the same statute). The subsequent indictment also included a different 8 U.S.C. § 1325 misdemeanor offense. However, as discussed, the STA does not apply to § 1325. *Nickerson*, 731 F.3d at 1014 (citations omitted). And, in any event, the new misdemeanor charge against him was ultimately dropped.

[2] Though the STA contains other requirements, Martinez-Avila waived any other arguments by failing to raise them in his briefs. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017).